(C.D. 3145)

J. E. Bernard & Co., Inc. *v.* United States

United States Customs Court, Second Division

(Decided October 9, 1967)

*Wallace & Schwartz* (*Earl R. Lidstrom, Joseph Schwartz,* and *Rufus E. Jarman, Jr.,* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Mollie Strum,* trial attorney), for the defendant.

Before Rao and Ford, Judges

Ford, Judge: This action, brought by the importer, is directed against the classification of certain cutting machines designated on the invoices as "Como" or "Super Como" and which were assessed with duty at 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.[1]

---

[1] Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

| * | * | * | * | * | * | * |

Other (except * * *) _____ 13¾% ad val.

Plaintiff contends said merchandise may be operated interchangeably with either the electric motors which were supplied or other sources of power. By virtue of the decision in *United States* v. *Dryden Rubber Co.*, 22 CCPA 51, T.D. 47050, and *Ralph C. Coxhead Corp* v. *United States*, 22 CCPA 96, T.D. 47080, it is argued that said machines are properly subject to classification under the provision for machines in paragraph 372 of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108 [2] and as such dutiable at the rate of 11½ per centum ad valorem.

The record herein consists of the testimony of Max Bronner, owner of the actual importer herein, Continental Printing Equipment Company, and two exhibits which are brochures covering the involved machines.

The record establishes that the only electrical feature of the involved machines is a gear drive electric motor which is connected to the machine. The witness testified that the motor can be removed and connected to a transmission shaft where one electrical appliance can drive several pieces of equipment. The removal of the motor would take approximately 5 minutes.

Based upon the record and the principles enunciated in the *Dryden* and *Coxhead* cases, *supra*, plaintiff contends the imported machines do not have as an essential feature an electrical element or device. In the *Dryden* case, the language of paragraph 353, Tariff Act of 1930, was analysed as follows:

* * * The electrical feature must be an essential feature, without which the article will not function, normally, for the purposes intended, for it must be manifest, that if it be not an electrical article, it does not come within the division at all. Second, if it is such an electrical article, is it an article named in the language, or within the class of articles named in this paragraph?

    \*       \*       \*       \*       \*       \*       \*

On the other hand, if, when the article is imported, it is so constructed as to utilize electrical power solely, and, therefore, is, essentially, an electrical article and its various parts are imported, are intended to be used, and are used, together, as was the case with the imported merchandise, then no reason can be seen why it should not be considered, for dutiable purposes, within the scope of the third division of this paragraph, for in such case, we think the article should be held to be included within the class of articles named in the paragraph.

In the *Coxhead* case, *supra*, the question of modification was considered. The court of appeals remanded the matter to permit evidence

[2] Machines, finished or unfinished, not specially provided for:

    \*       \*       \*       \*       \*       \*       \*

   Other (except * * *)_____ 11½ % ad val.

as to whether modification was required for hand operation of an electric calculating machine. The court was of the opinion this was necessary before it could determine whether such modifications were of such importance as to be controlling. This court in the case of *W. C. Sullivan Company* v. *United States*, 46 Cust. Ct. 31, C.D. 2229, further elaborated upon the question of modification by stating as follows:

* * * However, if the substitution for a nonelectrical feature for the electrical one can be made without modification in whole or in part of the article designed to be used therewith, and after the substitution has been effected the article will function normally for the purposes for which it was intended, the electrical feature is nonessential and paragraph 353 would not apply. * * *

Further elaboration on this point is found in the case of *Frank P. Dow & Co., Inc., and Evergreen Distributors, Inc.* v. *United States*, 52 Cust. Ct. 235, Abstract 68234, wherein we made the following statement:

Where such an article can utilize electrical power or other power interchangeably, the question of whether any modification of the machine *per se* is necessary to accomplish this must be considered. In the event that substantial modification or reconstruction is necessary, said machine, if electrically operated, would remain within the purview of paragraph 353, as modified.

The record herein, in our opinion, fails to establish with any degree of certainty whether the imported cutter can function on other than electric power. In fact, the record establishes that the motor may be removed and the machine may be connected to a power transmission shaft which would be operated by an electric appliance. This type of evidence does not establish that the imported machines do not fall within the purview of paragraph 353, *supra*. In addition, the question of whether any modification is necessary is left to the imagination of the court. The witness did state no modification to the cutter is necessary, but he failed to state how the motor was removed and what was necessary to utilize a source of power other than electricity. It is also doubtful that the witness would have the qualifications to authoritatively testify as to what would be necessary to employ a source of power other than electricity. It is the function of the court to determine whether there is modification and whether it is substantial. The record herein fails to establish this.

Plaintiff having failed to overcome the presumption of correctness attaching to the classification, the protest is overruled. *Atlantic Aluminum & Metal Distributors, Inc.* v. *United States*, 47 CCPA 88, 91, C.A.D. 735.

Judgment will be entered accordingly.